[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on August 2, 1970 in Samos Island, Greece. The plaintiff has resided continuously in Connecticut for the last twenty seven years. There is one child who has reached majority. This marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff will shortly reach age fifty five. He enjoys good health and works as an auto mechanic. The defendant is sixty one years old. She did not indicate any health problems. She is currently employed at a day care facility.
It is said that some marriages are made in heaven. This is not one of them. The parties were unhappy with each other from the start, and their relationship went downhill from there. It is indeed unfortunate that they spent so many unhappy years together. The court declines to assess responsibility for the marriage's failure to either party. CT Page 10358
Through their joint efforts, the parties acquired their current residence and an apartment in Samos, Greece. By gift or inheritance the defendant acquired during the marriage an apartment in Athens, Greece and some money. The defendant inherited farmland in Samos, Greece.
The court's ability to fashion an equitable decision in this case has been made more difficult by the defendant's lack of candor. The defendant's vague and contradictory testimony as to the amount of her assets and income has left the court without a complete understanding of the estate and needs of the defendant. Only through the diligent efforts of the plaintiff's counsel has some evidence been produced to shed some light on the defendant's financial situation.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-62, 46b-81 and 46b-82
in reaching the decisions reflected in the orders that follow.
The following orders may enter.
(1) The court has concluded that no periodic alimony should be awarded to either party, and it is so ordered.
The defendant has more assets that the plaintiff. She receives an undisclosed amount of rental income and interest income along with her wages. Next year she may be eligible for social security benefits.
The plaintiff plans to move to Greece where his income and expenses will be different than they are at present. He will have some responsibility for his son who is moving with the plaintiff. Also, it would be most difficult to order, monitor and enforce any periodic alimony awards to either party.
(2) The plaintiff shall transfer to the defendant by quit claim deed the plaintiff's interest in the marital residence located at 358 Stillwater Avenue, Stamford, Connecticut. The transfer shall be subject to the existing mortgage, which the defendant shall pay and shall indemnify and hold harmless the plaintiff from any liability thereon.
(3) The defendant shall pay to the plaintiff the sum of fifteen thousand ($15,000) dollars at the time of transfer of the plaintiff's interest in the residence, which shall occur no later CT Page 10359 than the date the plaintiff vacates the residence.
(4) The plaintiff shall vacate the marital residence no later than December 31, 1997. Until he moves out, the parties shall avoid confrontations. The court reserves jurisdiction to accelerate the date to vacate if problems arise between the parties.
(5) Until the plaintiff vacates the residence, he shall continue to pay all of the expenses he currently is paying in reference to the household needs of the parties, including the mortgage.
(6) When the plaintiff vacates the residence, he shall be permitted to remove his personal effects and clothing, his son's personal effects and clothing, his tools and a single bed. All other furnishings and furniture in the marital residence are awarded to the defendant.
(7) The plaintiff is awarded the apartment and farmland located in Samos, Greece; his 1987 Chevrolet automobile; his bank accounts in the Shamut Bank and Commercial Bank of Greece.
(8) The defendant is awarded her interest in the Athens, Greece apartment; her 1992 Ford automobile; her bank accounts in Bank of New York; Fleet Bank and First Union Bank.
(9) Each party shall be solely responsible for her and his own debts, including counsel fees, and each shall indemnify and hold the other party harmless from any liability thereon.
Judgment may enter accordingly.
NOVACK, J.